ANGENETT C. DRURY *vs.* GEORGE F. MERRILL.

PROVIDENCE—MARCH 10, 1897.

PRESENT: Stiness, Tillinghast and Douglas, JJ.

A promise of marriage is simply a contract, and breach of it is not a tort, although in its consequences it may resemble a tort.

*Malone* vs. *Ryan*, 14 R. I. 614, affirmed.

Assumpsit is the only form of action that will lie for breach of a parol contract of marriage.

There is no rule of pleading that forbids the joinder in an action of assumpsit of a count for the breach of such a contract and a count for an unpaid promissory note.

When the same plea may be pleaded to, and the same judgment ordered on, all the counts of a declaration, there is no misjoinder.

This rule is not changed by the fact that the measure of damages applicable to one count may differ from that applicable to another count, since it is the right of parties to have a special finding of the jury as to each cause of action.

A defendant in an execution issued in an action for breach of contract of marriage can be imprisoned thereon only on some of the grounds whereon any person may be so dealt with in ordinary actions of assumpsit.

An execution will follow the writ: hence no execution will issue against the body when the writ is one of summons, or attachment, except under the provisions of Sec. 11 of Chapter 256 of the General Laws.

ASSUMPSIT.   Heard on demurrer to the declaration.

TILLINGHAST, J.   This is an action of assumpsit, and is brought to recover the amount alleged to be due on a promissory note, and also to recover damages for an alleged breach of promise of marriage.

The defendant demurs to the declaration and to the several counts thereof, on the grounds: (1) that a cause of action founded on promissory note and the common money counts is improperly joined with a cause of action founded on a breach of promise of marriage; and (2) that a cause of action founded on willful wrongs and injuries, the measure of damages for which is determined by the same rules as govern in actions of tort for unliquidated damages, cannot be included in one and the same declaration with causes of action founded on promises or contracts where the rules governing the question of damages are entirely different in their nature.

In *Malone* v. *Ryan*, 14 R. I. 614, this court held that a promise of marriage is simply a contract, and that the breach of it is not a tort, though it may resemble a tort in its consequences.   See also 3 Ency. Pl. & Pr. 683 ; *Conlon* v. *Cassidy*, 17 R. I. 518.   This being the law, and it appearing from the plaintiff's declaration that the contract sued on was by parol, it necessarily follows that an action of the case on promises, *i. e.* assumpsit, is the only form of action that will lie; and of course assumpsit will lie for that part of the claim which is founded on a promissory note.   Is there any rule of pleading, then, which forbids the joinder?   We think not.   The

law not only favors but requires the joinder of all causes of action which may properly be joined, to the end that a multiplicity of suits may be avoided. And for us to hold that the plaintiff must bring two separate actions in assumpsit, one on the promissory note and another on the breach of promise of marriage, would be not only to allow but to compel him to violate this well settled rule of pleading. "Where the plaintiff has two causes of action," says Mr. Chitty in his work on pleading, vol. 1, * p. 221, "which may be joined in one action, he ought so to proceed ; and if he brings two actions, the court will compel him to consolidate them and pay the costs of the application." The same author also says that the joinder in action depends on the *form* of the action rather than on the *subject matter* of it. See also Gould's Pleading, 3 ed. cap. 4, § 103. In the case at bar the same plea may be pleaded and the same judgment rendered on all the counts of the declaration, and the general rule is that when this is so there is no misjoinder. *Brady* v. *Spurck*, 27 Ill. 482 ; Gould's Pleading, cap. 4, § 92.

It is true, as urged by the defendant's counsel, that the assessment of damages in an action for breach of promise of marriage is governed by somewhat different rules from those which obtain in ordinary actions of assumpsit, and more nearly resembling those in actions of trespass on the case and some other tort actions—that is to say, the damages in such a case rest largely in the sound discretion of the jury, under the circumstances of each particular case. *Southard* v. *Rexford*, 6 Cow. 254. The plaintiff may be "entitled to recover not only an indemnity for her pecuniary loss, and the disappointment of her reasonable expectations of material and worldly advantage resulting from the intended marriage, but also compensation for wounded feelings and the mortification and pain which she had been wrongfully made to undergo, and for the harm that has been done to her prospects in life." There may be given in evidence, and the jury may take into consideration in estimating the damages, the defendant's wealth, his social position, the length of the engagement, the depth of the plaintiff's devotion, her lack of independent

means, her mortification and injured feelings and affections, her altered social condition in relation to her home and family due to his conduct, and her expenses in preparation for the marriage.   2 Am. & Eng. Ency. L. p. 527 and cases cited; *Stebbins* v. *Palmer*, 1 Pick. 79.   But we fail to see how any harm can come to the defendant by reason of the fact that the measure of damages applicable to the first count is different from that which is applicable to the others, and particularly so long as it is his right to have a special finding of the jury as to each cause of action.   Gen. Laws R. I. cap. 243, § 7.

In *Perry* v. *Orr*, 35 N. J. L. 295, which was an action of assumpsit for breach of promise of marriage, the court held that a promise of marriage, accepted, is a contract, on breach of which the defendant cannot be arrested without proof of fraud, either in contracting the obligation or in his subsequent conduct, to avoid responsibility.   Speaking of the rule of damages, the court said:   "The fact that this action is an exception to the general rule of damages in suits upon contracts, extending the measure greatly beyond the usual allowance of a narrow and stinted compensation, has raised a doubt, at times, whether it does not properly sound in tort ; but the established practice of our courts has settled otherwise."   The only case which has come to our notice in which there has been a joinder of counts like those in the case at bar is that of *Frean* v. *Watley*, 4 F. & F. 1038, cited by the plaintiff.   In that case the court, Pollock, C. B., simply held that, as the statute prohibited the parties in actions for breach of promise of marriage to be called as witnesses, it would not allow the plaintiff to be examined as such in the action, as it stood, as that would be a fraud upon the legislature, but it would direct that the causes of action be separately tried.   It is evident, therefore, that but for said statute no question would have been made as to the correctness of the pleadings.

But the defendant's counsel urges, as a further reason why said causes of action cannot be joined, the fact that under Gen. Laws R. I. cap. 261, § 1, the defendant would be liable to imprisonment, the same as on a tort action, on the execu-

tion which might issue against him on a judgment for breach of promise of marriage, while he would not be thus liable on a judgment founded on a promissory note.   If this be so, it presents a very strong if not a conclusive reason against the joinder objected to.   But we are of the opinion that it is not so.   It is true that in Gen. Laws R. I. cap. 264, § 1, breach of promise of marriage is classed with torts for certain purposes; *Malone* v. *Ryan, supra*; but, while this is so, it is evident that it was not thereby intended that it should be generally so regarded, as by section 10 of cap. 260 this action is not classed with those wherein a defendant may be committed as a tort debtor.   He could therefore only be imprisoned, in any event, on some one of the grounds whereon any person may be so dealt with in ordinary actions of assumpsit. That is to say, he is just as liable to imprisonment on a judgment founded on the first count in the declaration as on the subsequent counts thereof; and, moreover, as the case now stands, he would not be liable to imprisonment on a judgment founded on either or all of said counts.   The execution follows the writ.   The writ does not command that the defendant be arrested, but that his property be attached and that he be summoned to answer the plaintiff's complaint, both of which things have been done; and no execution in the case can issue against his body unless by virtue of some one of the provisions of Gen. Laws R. I. cap. 256, § 11.

We are therefore of the opinion that there is no misjoinder of causes of action, and that the demurrer must be overruled.

*William G. Rich*, for plaintiff.

*Charles A. Wilson & Thomas A. Jenckes*, for defendant.